### KING v. CITY OF SUPERIOR.

(Circuit Court of Appeals, Seventh Circuit. May 6, 1902.)

No. 854.

1. MUNICIPAL BONDS—ESTOPPEL BY RECITALS.

There is no distinction to be made as to the conclusiveness of a recital in a municipal bond, whether it is of a fact required by constitutional law or by statute law.

2. SAME.

A general recital in bonds issued by a city that "all acts, conditions, and things required to be done precedent to and in the issuing of this bond have duly happened and been performed in regular and due form, as required by law," estops the city, as against a bona fide holder of such bonds for value, to deny that before or at the time of issuing the bonds it provided for the collection of a tax sufficient to pay the interest and principal thereof as required by the constitution of the state; such act being one to be done by the city, and which it had power to certify that it had done.

117 F.—8

In Error to the Circuit Court of the United States for the Western District of Wisconsin.

The plaintiff in error brought suit against the city of Superior upon two of its bonds, of $1,000 each, numbered 10 and 11, respectively, of installment E, and two coupons for interest thereon; the bonds being of like tenor and effect, and of the form following:

"United States of America.

"Installment E.

"State of Wisconsin.

"City of Superior.

"Street Improvement Bond.

"County of Douglas.

"Number ———.                                                        $1,000.$^{00}/_{100}$.

"Know all men by these presents that the city of Superior, in the county of Douglas and state of Wisconsin, for value received, hereby acknowledges itself indebted to and promises to pay the bearer hereof the sum of one thousand dollars, lawful money of the United States of America, to be paid on the first day of September, A. D. 1896, with interest thereon at the rate of six per centum per annum, payable semiannually on the first days of March and September in each year, as evidenced by the semi-annual interest coupons hereto attached, as they severally become due; both the interest and principal of this bond being payable at the National Bank of the Republic, in the city and state of New York. This bond is issued by and under authority of chapter 13 of the amended charter of said city of Superior, being chapter 124, Laws of Wisconsin for the Year 1891, approved March 31st, 1891, and of a resolution duly passed, approved, and published by the common council of said city, dated the 8 day of October, A. D. 1891. This bond is one of an issue of annual installment bonds, the aggregate amount of which is fifty-eight thousand five hundred and eighteen $^{24}/_{100}$ dollars, of which this bond is number ——— of installment E; said issue being divided into 5 equal installments, designated installments A, B, C, D & E, respectively. Each installment consisting of 12 bonds, numbered from one to 12, inclusive. Numbers 1 to 11, inclusive, being of the denomination of one thousand dollars, and number 12 of seven hundred three $^{65}/_{100}$ dollars. All bonds in installment A are payable on the first day of September, 1892, and the remaining installments, in the order in which they are above mentioned, become payable annually thereafter on the 1st day of September in each year, so that the last installment, namely, installment E, becomes due and payable on the 1st day of September, A. D. 1896. Said bonds are issued for the purpose of defraying the cost of constructing the improvement on Ritchie avenue, between the Hammond and New York avenues, and on account of such assessment made upon the property benefited by reason of such improvement as the owners have not elected to pay. The payment of the interest and principal of this bond is made chargeable upon the property benefited by said improvement, as evidenced by a statement and schedule of such special assessment, on which the bonds are issued, as recorded in the office of the city clerk of said city of Superior. And it is hereby certified and recited that all acts, conditions, and things required to be done precedent to and in the issuing of this bond have duly happened and been performed in regular and due form as required by law. The faith and credit of said city of Superior is hereby irrevocably pledged for the prompt payment of this bond, both principal and interest. In testimony whereof the said city of Superior, in the county of Douglas and state of Wisconsin, has caused this bond to be signed by its mayor and city clerk, and countersigned by its comptroller, and the seal of the said city to be hereto attached, this 1st day of September, A. D. 1891."

The city answered thereto, admitting the making of the bonds and their ownership by the plaintiff in error, and interposed as a defense that the bonds are void as a general obligation of the city, because before or at the time of their issue the city did not provide for the collection of a direct

annual tax sufficient to pay the same, with interest, as they should fall due, and that their issue was therefore in violation of the constitution of the state of Wisconsin (article 11, § 3, amendment of 1874), which provides: "Any county, city, town, village, school district or other municipal corporation incurring any indebtedness as aforesaid shall before or at the time of doing so provide for the collection of a direct annual tax sufficient to pay the interest on such debt as it falls due, and also to pay and discharge the principal thereof within twenty years from the time of contracting the same." At the trial the city of Superior proved that these bonds were issued to defray the cost of constructing improvements as stated in the bond, pursuant to chapter 124, Laws 1891, and that by resolution of the common council of the city on June 23, 1891, the amount of the assessment for which the bonds were issued was "levied and assessed as a special tax for the purpose of defraying the cost of said improvements upon and against each lot, piece, or parcel of real estate benefited, in the various sums set opposite each such lot, piece, or parcel of real estate in the last of the schedule attached to said final report, to wit, the column headed, 'Correct Amount Assessed.'" The court below directed a verdict in favor of the city, holding the bonds void, and a writ of error was issued to review the judgment entered upon such verdict.

Charles F. Harding, for plaintiff in error.
A. L. Sanborn, for defendant in error.

Before JENKINS and GROSSCUP, Circuit Judges.

JENKINS, Circuit Judge (after stating the facts as above). There might be ground for saying that the bonds in question are payable only out of the special assessments upon the property benefited by the improvement, were it not that such contention is set at rest by the decision of the supreme court of Wisconsin in Fowler v. City of Superior, 85 Wis. 411, 54 N. W. 800. That court held with respect to like bonds that the city is bound to pay in any event, and that the conclusion is inevitable that on its face the bond imports an absolute indebtedness and a general liability of the city.

The principal question urged at the bar is whether the recitals of the bond estop the city from asserting that the constitutional provision that before or at the time of incurring the indebtedness the city should provide for the collection of a direct annual tax sufficient to pay the interest of the debt as it falls due, and to pay and discharge the principal within 20 years from the time of contracting the debt, had not been complied with by the city at or before the issuing of these bonds. It is urged for the plaintiff in error that the assessment upon the property benefited is a sufficient "annual tax," within the meaning of the constitution. It is an interesting question whether the term "assessment" is synonymous with "tax," as there employed. The conclusion to which we are constrained upon another branch of the law renders unnecessary the consideration of the question. In the discussion, counsel have diligently explored the whole field of decisions with reference to recitals in bonds. The defendant in error insists that the effect of the decisions is that, if the precedent condition which has not been performed is a legislative requirement, a general recital that all conditions precedent have been complied with will estop the municipality, but if the condition is required by the constitution the recital must be specific. It is insisted for the plaintiff in error that where an act is required to be done by a municipality, either by the constitution or by the statute, or

by both, antecedently to or coincidently with the contracting of the indebtedness, and the municipality had the power to do it, a general recital that it has performed all the acts required by law precedent to and in contracting the indebtedness will estop it from subsequently denying the fact, and a sharp distinction is drawn between the inadequate exercise of ample power and the total absence of power. Here the act to be done, and which was imposed by the constitution as a necessary precedent to the incurring of this indebtedness, was one to be done by the city and its constituted authorities. The city has asserted that "all acts, conditions, and things required to be done precedent to and in the issuing of this bond have duly happened and been performed in regular and due form as required by law." The reason of the rule declared is that the bond goes upon the market with recitals assuring the purchaser of the facts which, if they exist, would render the bond valid, and, as the purchaser has presumably parted with his money upon the faith of the recitals, the municipality cannot be heard to say that its statements which induced the purchase of the bond are false. We fail to perceive any sufficient reason why the estoppel should not operate with respect to an act required by the constitution to be done, as well as to an act required by the statute to be done. The mischief to be prevented is the same, and there would seem to be no good reason for distinction. It might be otherwise with respect to a constitutional provision which prohibited the issuing of bonds in excess of a certain limit, and prescribed a definite rule for determining whether that limit had been exceeded. We do not deem it necessary to review the wealth of authority upon this subject, for, as we conceive, it has been determined by the ultimate tribunal. In Chaffee Co. v. Potter, 142 U. S. 355, 12 Sup. Ct. 216, 35 L. Ed. 1040, there was a recital to the effect that the total amount of the issue did not exceed the limits prescribed by the constitution of Colorado; and it was held that the county was estopped, as against an innocent holder for value, to deny the truth of the recital. The recital was specific, it is true; but it was the recital of a fact, and not of an act to be done by the city, and the constitution had not prescribed the manner in which that fact might be determined. In Board of Com'rs of Gunnison Co. v. E. H. Rollins & Sons, 173 U. S. 255, 19 Sup. Ct. 390, 43 L. Ed. 689, the court cited approvingly the statement of the court in Dixon County v. Field, 111 U. S. 83, 4 Sup. Ct. 315, 28 L. Ed. 360, to the effect:

"The estoppel does not arise except upon matters of fact which the corporate officers had authority by law to determine and to certify. It is not necessary, it is true, that the recital should enumerate each particular fact essential to the existence of the obligation. A general statement that the bonds have been issued in conformity with the law will suffice, so as to embrace every fact which the officers making the statement are authorized to determine and certify. A determination and statement as to the whole series, where more than one is involved, is a determination and certificate as to each essential particular. But it still remains that there must be authority vested in the officers by law as to each necessary fact, whether enumerated or non-enumerated, to ascertain and determine its existence, and to guaranty to those dealing with them the truth and conclusiveness of their admissions. In such a case the meaning of the law granting power to issue bonds is that they may be issued, not upon the existence of certain facts to be ascertained and determined whenever disputed, but upon the ascertain-

ment and determination of their existence by the officers or body designated by law to issue the bonds upon such a contingency."

It is true that in the Rollins Case there was a specific recital that the total amount of the issue did not exceed the limit prescribed by the constitution. But the principle enunciated seems to us to be applicable here, for the condition precedent—the levy of the annual tax—was an act to be done by the city, and it had the power to certify that it had done it.

In the case of Waite v. City of Santa Cruz (decided Feb. 24, 1902) 184 U. S. 302, 22 Sup. Ct. 327, 46 L. Ed. 552, the bonds contained a recital to the effect that they were—

"Issued to refund the bonded indebtedness of the city in pursuance of and in conformity with the constitution of the state of California and the ordinances of the city of Santa Cruz, and in pursuance of and in conformity with the vote of more than two-thirds of all the qualified electors of said city of Santa Cruz voting at a special election duly and legally called and held and conducted in said city, as provided under said act, on Tuesday, the thirteenth day of March, 1894, notice thereof having been duly and legally given and published in the manner as required by law, and after the result of said election had been canvassed, found, and declared in the manner and as required by law. And it is hereby certified and declared that all acts, conditions, and things required by law to be done precedent to and in the issue of said bonds have been properly done, happened, and performed, in legal and due form, as required by law."

It will be observed that this last recital is nearly totidem verbis with the recital in question. It was objected that by the constitution of California there was no power granted to incur indebtedness exceeding in any year the income and revenue provided for such year, unless upon a two-thirds vote of the qualified electors—

"Nor unless, before or at the time of incurring such indebtedness, provision shall be made for the collection of an annual tax sufficient to pay the interest on such indebtedness as it falls due, and also provision to constitute a sinking fund for the payment of the principal thereof on or before maturity, which shall not exceed forty years from the time of contracting the same. Any indebtedness or liability incurred contrary to this provision shall be void."

The court, speaking by Mr. Justice Harlan, after a review of the cases, said:

"Applying to the present case the principles heretofore announced by this court, is there any escape from the conclusion that the city of Santa Cruz is estopped to dispute the truth of the recitals in the bonds in suit, which stated that they were issued in pursuance of the act of 1893, as well as in conformity with the constitution of California, authorizing it to incur indebtedness or liability with the assent of two-thirds of the qualified voters at an election held for that purpose, and that all acts, conditions, and things required by law to be done precedent to issuing the bonds had been properly done and performed in due and lawful form as required by law? We think not."

The precise question here involved was before the circuit court of appeals for the Eighth circuit in the case of National Life Ins. Co. v. Board of Education of City of Huron, 10 C. C. A. 637, 62 Fed. 778. It was there resolved that there was no distinction to be made as to the conclusiveness of a recital, whether it was of a fact required by constitutional law or by statute law. In this opinion we concur.

We perceive no reason why in the one case, more than in the other, a recital should be less effective with respect to a condition precedent to be performed by the municipality. Assuming, as we do, that the constitution required that the city should levy an annual tax at or before the time of issuing the bond, as distinguished from the assessment made, that duty was cast upon the authorities of the city; and, when it has certified that "all acts required to be done precedent to and in the issuing of the bond have been duly performed in regular and due form as required by law," we perceive no need for a more specific recital. We are of opinion that, as against a bona fide holder before maturity and for value, the bond in question must be held to be a valid legal liability of the municipality. We are gratified that no inequitable result can flow from this holding. These bonds were required to be, and presumably were, sold at par, and the city received the full face value of them, and presumably expended the amount received in the improvement contemplated. That amount, in large measure, at least, has been returned to it by the assessment upon the property benefited. It would be unjust that the city should be improved at the expense of strangers who have advanced their money upon the faith of declarations by the city authorized by law. We are not greatly grieved that our duty constrains us to require of the defendant in error that it comply with the dictates of common honesty.

The judgment is reversed, and the cause is remanded, with direction to the court below to grant a new trial.