CITY OF SUPERIOR v. MARBLE SAV. BANK OF RUTLAND, VT.

(Circuit Court of Appeals, Seventh Circuit. August 11, 1906.)

No. 1,204.

1. MUNICIPAL CORPORATIONS—SEWER BONDS—GENERAL LIABILITY OF CITY.

The charter of the city of Superior, Wis., of 1889 (Laws Wis. 1889, p. 415, c. 152), in that part relating to sewers (subchapter 18), after providing for special assessments on abutting property, authorizes the council to issue bonds covering such assessments which "shall specify on their face that they are sewerage bonds, and chargeable only to the particular lots and parcels of land described therein, and 'such other provisions as the council may think proper to insert." It is further provided that the council may sell such bonds at not less than par, and pay the proceeds to the sewer contractor, and that "the city shall pay the principal and interest on said bonds as they fall due, and shall reimburse itself by a tax on the particular lots mentioned in said bonds." *Held*, that bonds so issued and sold constituted general obligations of the city.

2. SAME—ESTOPPEL BY RECITALS.

Where a city was authorized by its charter to insert in sewer bonds "such other provisions as the council may think proper." it is estopped by a recital that all acts, conditions, and things required to be done precedent to and in the issuance of the bonds had been duly done and performed as required by law, and by a provision pledging its full faith and

credit for their payment, to set up as a defense to the bonds that it did not provide funds for their payment as required by law.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporation, §§ 1972–1977.]

In Error to the Circuit Court of the United States for the Western District of Wisconsin.

This writ of error is brought by the city of Superior (defendant below), to reverse a judgment against the city and in favor of Marble Savings Bank (plaintiff below) upon 10 "Sewer Improvement Bonds," of $500 each, and annexed coupons. The facts are undisputed and error is assigned only upon the conclusion of law that the bonds were valid general obligations of the city.

The bonds were identical in form and tenor, except in serial number and description of sewer improvement, as follows:

"109                     United States of America.                     $500.00
                              "State of Wisconsin.
                              "City of Superior.
                         "Sewer Improvement Bond.
                          "County of Douglas.

"Know all men by these presents, that the city of Superior, in the county of Douglas and state of Wisconsin, for value received hereby acknowledges itself indebted to and promises to pay the bearer hereof the sum of five hundred dollars lawful money of the United States of America, to be paid on the first day of July, A. D. 1897, redeemable at the pleasure of the city of Superior after the first day of July, A. D. 1895, with interest at the rate of six per centum per annum, payable semi annually on the first days of July and January in each year as evidenced by the semi annual coupons hereto attached as they severally become due, both the principal and interest of this bond being payable at the National Bank of the Republic in the city and state of New York.

"This bond is issued by authority of chapter 18 of the charter of the city of Superior, being chapter 152, Laws of Wisconsin, approved March 23rd, A. D. 1889, and by an ordinance duly passed, approved and published in said city of Superior and state of Wisconsin, bearing date the second day of September, A. D. 1890. This bond is one of twenty six bonds numbered from 285 to 310 inclusive, the aggregate amount of which is twelve thousand six hundred and sixty four and 48/100 dollars and is issued for the purpose of defraying that part of the cost of constructing a sewer on alleys between west 3rd and west 6th streets from Division to Carlton avenues, also in the alleys between west 6th and west 9th streets from Carlton avenue to a point two hundred (200) feet west of Morgan avenue, also in the alley between west Second and west Third streets from Cadotte to Carlton avenues in sewer district No. 3 in the city of Superior, which part of the cost is made chargeable as a special assessment to the abutting real estate thereon according to chapter 18 of the city charter of the city of Superior and on account of such assessment made on the property abutting upon said street and alleys between said points for such improvements as the owners have not elected to pay.

"The payment of the principal and interest of this bond is made chargeable to the property abutting upon said streets and alleys between said points as evidenced by a statement and schedule of such special assessments on which the bonds are issued as recorded in the office of the city clerk of said city of Superior.

"And it is hereby certified and recited that all acts, conditions, and things required to be done precedent to and in the issuing of this bond have duly happened and been performed in regular and due form as required by law.

"The full faith and credit of the city of Superior, Douglas County and state of Wisconsin, is hereby irrevocably pledged for the prompt payment of this bond, both principal and interest.

"In testimony whereof the said city of Superior, county of Douglas and state of Wisconsin has caused this bond to be signed by its mayor and city clerk and the seal of said city hereto attached this first day of July, A. D. 1890. "City of Superior, Wis. 1889. [Corporate Seal]"

L. K. Luse, for plaintiff in error.
E. F. McCausland, for defendant in error.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

SEAMAN, Circuit Judge (after stating the facts). The bonds involved in this action were issued and sold by the city of Superior, under the authority of subchapter 18 of its charter of 1889 (chapter 152, p. 415, Laws Wis. 1889), as "sewer improvement bonds." This charter is considered in the opinion filed herewith in White River Savings Bank v. City of Superior (No. 1,196) 148 Fed. 1, but the provisions of chapter 18, upon which recovery was awarded in the present suit, are plainly distinguishable from those found in chapter 16, relating to street improvement bonds. In that opinion, the sections of chapter 16 appear, together with such general provisions of the charter as affect either controversy in reference to the power of the city to incur indebtedness or general obligations, and recapitulation is needless in the present opinion.

Chapter 18 of the charter treats of "Sewers," and section 201 prescribes the notice to be given, when a contract has been let and amounts chargeable to abutting lots have been determined, "if the common council deems it for the best interest of the property owners affected by the special assessments," which notice is not substantially different from the form given for street improvements in section 158 of chapter 16. Section 202 authorizes the issue of bonds to cover all special assessments, which the lot owners do not elect to pay under the notice, which "shall specify on their face that they are sewerage bonds, and chargeable only to the particular lots and parcels of land described therein *and such other provisions as the council may think proper to insert.*" With the important exception of the language we have italicized in the above quotation, the terms of this section are substantionally like those contained in sections 159 and 160, in chapter 16 for street improvement bonds.

The succeeding provisions are sections 203, 204, and 205, as follows:

"Section 203. Said bonds may be sold by the common council at not less than par value, and the proceeds paid to the sewerage contractor, or the contract may provide that the contractor shall take the bonds as a payment on his contract at their par value with accrued interest.

"Section 204. The city shall pay the principal and interest on said bonds as they fall due, and shall reimburse itself by a tax on the particular lots mentioned in said bonds in the following manner.

"Section 205. The city clerk shall, in each year for five years succeeding the issue of said bonds, enter in the tax-roll as a special tax upon each of the parcels of land mentioned in said bonds, one-fifth of the special assessments as to each said parcel of land with six per cent interest on the whole amount of said special assessment on such parcel of land then unpaid. Said tax shall be treated in all respects as any other city tax, and when collected shall be credited to the sewerage fund of said city."

Express authority is thus given: (1) to issue the bonds, with "such other provisions as the council may think proper to insert;" (2) to sell them, "at not less than par value" and pay the proceeds to the contractor, except when the contract provides for the contractor to take them; and (3) the city is required to pay principal and interest "as they fall due, and shall reimburse itself" through the special assessments. The purpose to make the bonds, when so issued and sold, general obligations of the city, to accomplish their sale at par value, is unmistakable; and under such legislative intent the authority to that end is ample. Fowler v. City of Superior, 85 Wis. 411, 419, 423, 54 N. W. 800; United States v. Fort Scott, 99 U. S. 152, 157, 160, 25 L. Ed. 348. Under the recitals in the bond, the city cannot now raise objection that funds were not provided to meet such requirement. King v. City of Superior, 117 Fed. 113, 118, 54 C. C. A. 499. The provisions referred to exempt the bonds in suit from the rule of Uncas National Bank v. Superior, 115 Wis. 340, 344, 91 N. W. 1004, referred to in the above mentioned opinion of this court in White River Savings Bank v. City of Supreior, and from the distinctions, as well, upon which we were constrained to pronounce against liability in the last mentioned case.

The judgment of the Circuit Court accordingly is affirmed.