CHASE, Appellant, vs. CITY OF SUPERIOR, Respondent.

*December 14, 1907—January 8, 1908.*

Stare decisis.

Having decided that certain special improvement bonds of the city of Superior issued under the authority of its then charter (ch. 124, Laws of 1891) pledged the liability of that city and were in all respects city bonds evidencing municipal indebtedness, although the city was given a charge upon the property benefited out of which to collect spcial taxes to pay them, the supreme court, after the lapse of fifteen years, applies the rule *stare decisis*, when asked to overrule its former decision in a suit on one of such bonds, purchased by plaintiff two years after the former decision.

APPEAL from an order of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Reversed.*

Action against the city of *Superior* upon a bond, known as an improvement bond, issued for the expense of improving certain streets under the authority of the city charter

of 1891 (Laws of 1891, ch. 124), the bond being in the same form and under the same provisions of law as that considered and described in *Fowler v. Superior,* 85 Wis. 411, 54 N. W. 800, such bond being dated July 29, 1892, and purchased by plaintiff in good faith and for value in 1895, before due. It was also alleged that the defendant had regularly paid the semi-annual interest up to the 2d day of July, 1901, but then defaulted and had refused to pay further interest or any of the principal. A general demurrer to this complaint was sustained, from which order the plaintiff appeals.

*Solon L. Perrin,* for the appellant.

*T. L. McIntosh,* city attorney, and *L. K. Luse,* of counsel, for the respondent.

DODGE, J. In 1893 this court decided that bonds, of which the one in suit is typical, namely, special improvement bonds, issued under the authority of the city charter of 1891 (Laws of 1891, ch. 124), pledged the liability of the city and were in all respects city bonds evidencing municipal indebtedness, although the city was given a charge upon the property benefited out of which to collect special taxes to pay them. *Fowler v. Superior,* 85 Wis. 411, 425, 54 N. W. 800. That case was decided after the most exhaustive argument by counsel, and over a disagreement in the court, which served to insure exhaustive consideration of the questions; and persisted in in the face of a motion for a rehearing. That case has been recognized as finally settling the question by our own court in *Uncas Nat. Bank v. Superior,* 115 Wis. 340, 91 N. W. 1004, where bonds issued under another charter, differing in several material aspects, were held to stand on a different footing because of those very distinctions; by the United States courts in *King v. Superior,* 117 Fed. 113 (C. C. A.), and in *White River Sav. Bank v. Superior,* 148 Fed. 1 (C. C. A.). Since its date the public,

in reliance on that decision, have dealt in these bonds and given them credit upon the faith of the liability of the city. Funds doubtless of the most sacred character have been invested in them for that reason. Incidentally it appears that the plaintiff himself purchased these bonds two years after that decision and, of course, in reliance thereon. Now, after a lapse of more than fifteen years, we are asked to say that that decision was wrong and that the holders of these bonds cannot look beyond the property which was benefited, ability to assess which for their payment has doubtless been exhausted. To such a demand the rule *stare decisis* is a complete and insuperable answer.

*By the Court.*—Order reversed, and cause remanded with directions to overrule the demurrer.

MARSHALL, J., took no part.